**Arnold NGUYEN, Petitioner–Appellant,**

v.

**Matthew CATE, Respondent–Appellee.**

**No. 07–56493.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 31, 2009.*

Filed Sept. 3, 2009.

ed by 9th Cir. R. 36–3.

* The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

---

Conrad Petermann, Law Office of Conrad Petermann, A Professional Corporation, Ojai, CA, for Petitioner–Appellant.

Russell A. Lehman, Esquire, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: GOULD and TALLMAN, Circuit Judges, and PANNER,** District Judge.

## MEMORANDUM ***

Petitioner Arnold Nguyen ("Nguyen") was convicted of second-degree murder in association with a criminal street gang under California Penal Code section 186.22(b)(1). He appeals from the district court's denial of his petition for writ of habeas corpus. "We review a district court's decision to grant or deny a writ of habeas corpus *de novo,* and the district court's findings of fact for clear error." *Richter v. Hickman,* 578 F.3d 944, 951 (9th Cir.2009) (en banc) (citations omitted). Applying the deferential standard of review mandated by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see* 28 U.S.C. § 2254(d), we affirm.

## I

Nguyen alleges that his trial counsel was ineffective because he failed to investigate and develop a mental health defense at trial. This claim was summarily dismissed by all California courts, requiring that we take an "independent review of the record." *Richter,* 578 F.3d at 951 (quoting *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127 (9th Cir.2006)). We employ the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine whether counsel was ineffective. "We 'evaluate the conduct from counsel's perspective at the time' to 'eliminate the distorting effects of hindsight,' and we are 'highly deferential' in judging counsel's performance, affording counsel a strong presumption of adequacy." *Richter,* 578 F.3d at 952 (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). Furthermore, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

■ Trial counsel's selected strategy was one of justified self-defense. Nguyen's testimony before the jury was consistent with this theory. He now presents evidence of a doctor's mental evaluation obtained more than seven months after his conviction, claiming that he suffered from Post Traumatic Stress Disorder ("PTSD") at the time of the offense. He gives no reason why trial counsel would have been aware of his PTSD during the trial phase, or even why there would have been a need for a mental evaluation. We cannot find counsel ineffective for failing to investigate a mental illness that he had no reason to believe existed. *See Gonzalez v. Knowles,* 515 F.3d 1006, 1015 (9th Cir.2008) ("Absent any objective indication that Gonzalez suffered from any mental illness, [his attorney] cannot be deemed ineffective for failing to pursue this avenue ... where Gonzalez's mental illness seemed unlikely."); *Wilson v. Henry,* 185 F.3d 986, 990 (9th Cir.1999) (that counsel knew defendant had been beaten, without more, did not render decision not to investigate possibility of psychiatric defense unreasonable.).

## II

■ Second, Nguyen claims counsel failed to object to an erroneous jury instruction when the judge misread one word within the eighty-page instructions. This argument was raised in Nguyen's direct appeal.

Even if counsel was deficient for failing to object, Nguyen cannot show prejudice as required under *Strickland.* As the California Court of Appeal said:

> The instructions given to the jury were complete and accurate in their written form, and included CALJIC No. 17.45, which instructed the jurors that they were "to be governed only by the instruction in its final wording." As the

[California] Supreme Court held in [*People v. Osband,* 13 Cal.4th 622, 687, 55 Cal.Rptr.2d 26, 919 P.2d 640 (1996)], "This direction reminded the jurors that it is difficult to recite complicated and lengthy written material verbatim and that the carefully prepared and reworked written text should guide them."

The jury was also admonished by the judge that the written instructions governed their deliberations.

■ Jurors are presumed to follow instructions given to them by the court. *See Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *Francis v. Franklin,* 471 U.S. 307, 324 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) ("Absent such extraordinary situations, however, we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions."). The California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

**AFFIRMED.**